UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

LUZMILA V. LLUMITASIG et al.,

                Plaintiffs,        **MEMORANDUM & ORDER**
                                  24-CV-2054 (EK)(CHK)
           -against-

THE BARRIER GROUP INC. et al.,

                Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

Before the Court are plaintiffs' motion for a default judgment and defendants' motion to vacate the entry of default. The Court referred these motions to Magistrate Judge Bloom for a Report and Recommendation ("R&R"). Judge Bloom recommended that the Court grant plaintiffs' motion in part and deny defendants' motion in its entirety. After a change in counsel, defendants filed several objections to the R&R. These objections rely on different arguments than the ones defendants made to Judge Bloom and could have been raised before her. For the reasons outlined below, the Court adopts the R&R in full.

## I.   Background

This order assumes familiarity with the factual background of this wage-and-hour case. A more thorough explication of the underlying facts appears in Judge Bloom's R&R. *See* ECF No. 20, at 2. Before Judge Bloom, defendants —

two corporations and their owner — argued that their default was not willful, and was instead caused by an inability to promptly retain counsel.  Defs.' Mem. 2-3, ECF No. 17-2.  Defendants admitted to being aware of this lawsuit, but claimed that the counsel they had initially attempted to retain was "unable to handle the case because she was pregnant."  Reich Aff. ¶ 8, ECF No. 17-3.  Defendants also argued that they had a meritorious defense in this case, namely that they "paid out all wages and overtime to which the Plaintiffs were entitled."  Defs.' Mem. 2.  They pointed to an affidavit from the individual defendant, Joel Reich, and purported to attach a "proposed Answer."  *Id.*; R&R 8 They did not so attach, nor did they supplement the record upon plaintiffs highlighting their failure to do so.  R&R 8 & n.4.

Judge Bloom denied defendants' motion to vacate and granted in part the motion for a default judgment.  These objections followed.

## II.  Legal Standard

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court reviews *de novo* those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge."  *Nambiar v. Cent.*

2

*Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); *see also United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").[1]  Where "no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

### III. Discussion

Defendants raise several objections.  Two — that the default was not willful and that there are meritorious defenses — rely on arguments that were not before Judge Bloom, and are thus not properly before the Court as objections.  Ignoring these objections, the Court would adopt Judge Bloom's well-reasoned conclusions as to the default whether reviewing *de novo* or for clear error.  Indeed, even considering the objections, the Court will adopt the R&R in its entirety.

### A.    Motion to Vacate Default

District courts assess three factors when considering whether to relieve a party from a default: "the willfulness of

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).  Willfulness "carries the most weight." *In re Orion Healthcorp, Inc.*, 95 F.4th 98, 104 & n.4 (2d Cir. 2024).

### 1.   Willfulness

Defendants first object that their default was not willful and was instead a misunderstanding.  Defs.' Objs. 7, ECF No. 27.  Reich declares that he conflated this case with a separate wage-and-hour case filed two years ago in the Southern District in which he is a defendant, *Camacho v. The Barrier Grp. Inc.*, 22-CV-1156 (S.D.N.Y.).  Reich Decl. ¶ 3, ECF No. 27-1.  He adds that he expected his retained counsel in that matter, Farva Scott — the same counsel who filed these objections — to represent him.  *Id.* ¶ 5.  This is a different explanation than the one he raised before Judge Bloom.[2]  Accordingly, the Court need not consider it.  *See Gladden*, 394 F. Supp. 3d at 480. Before Judge Bloom, Reich — represented by different counsel — failed to obtain an affidavit from Scott.  *See* R&R 6.  Reich

---

[2] This explanation also contradicts what defendants argued to Judge Bloom.  There, Reich claimed that he "quickly moved to retain counsel" after being served in March 2024, and claimed his lawyer (apparently referring to Ms. Scott) "was unable to handle the case because she was pregnant."  Reich Decl. ¶¶ 6-8, ECF No. 17-3.  However, Ms. Scott's own declaration indicates that "[a]t no point did [Reich] inform me that a second, distinct . . . lawsuit had been filed against him . . . ."  Scott Decl. ¶ 4, ECF No. 27-2.

could have raised his argument, as Scott was appearing in *Camacho* throughout the pendency of this case. *See generally* Docket, *Camacho v. The Barrier Grp. Inc.*, 22-CV-1156 (S.D.N.Y.) (indicating court appearances and filings from 2024 and 2025).

Even considering this explanation, however, it fails. To be sure, "confusion resulting from the time proximity and subject matter similarity of . . . two proceedings" can constitute excusable neglect sufficient to vacate a default. *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983). But in *Davis,* and other decisions excusing default on these grounds, the two proceedings generally involved the same parties. In *Davis*, for example, the second lawsuit arose out of a defendant's failure to satisfy the judgment of an earlier lawsuit brought by the same plaintiff. 713 F.2d at 908-09; *see also Gil v. Frantzis*, No. 17-CV-1520, 2019 WL 4784674, at *6 (E.D.N.Y. Oct. 1, 2019) (excusing default after same plaintiff had brought parallel administrative proceedings); *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-52, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013) (excusing default after same plaintiff had brought state and federal cases). Here, the complaint was filed two years after the *Camacho* complaint, and involved different plaintiffs.

5

2.   Meritorious Defenses

Defendants' second objection is that they have a meritorious defense in this case.  Defs.' Objs. 8-11.  They now provide a proposed answer, and explain that they cannot provide any evidence in support thereof (that is, payroll records), because they must invoke the Fifth Amendment right against self-incrimination in light of an ongoing criminal case involving Reich.  *See* Reich Decl. ¶ 13; *Compl.*, *United States of America v. Reich*, No. 24-CR-335, ECF No. 2 (S.D.N.Y. Oct. 17, 2023).  Again, though Reich could have raised these arguments before Judge Bloom — he was arraigned months before this case commenced, and was on notice that his materials did not include an answer — neither argument was raised.  *Gladden*, 394 F. Supp. 3d at 480.

Even considering these arguments, however, defendants have not suggested the existence of a meritorious defense.  "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  The defendant need not show "a likelihood that [the defense] will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense*."*  *Id*.  Reich has now declared that plaintiffs "typically worked . . . for no more than eight hours per day, often less"

6

and that "[m]ost job sites closed by 4:00 PM, precluding overtime." Reich Decl. ¶ 9. But despite admitting to the existence of payroll records, *id.* ¶ 10, he has not provided them to the Court. As Judge Bloom explained, R&R 8-9, courts have found that a defendant lacks a meritorious defense when they decline to provide records that should be "readily available." *See, e.g.*, *Lopez v. Mohammed*, No. 14-CV-4443, 2017 WL 4277154, at *10 (E.D.N.Y. Sept. 26, 2017); *Am. Transit Ins. Co. v. Bilyk*, 546 F. Supp. 3d 192, 200 (E.D.N.Y. 2021). And defendants' invocation of the Fifth Amendment fails, as the records belong to the corporations, and "there simply is no situation in which a corporation can avail itself of the Fifth Amendment privilege." *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 158 (2d Cir. 2010).

**B.    The Remaining Objections**

We need not address defendants' "objection" agreeing with Judge Bloom's conclusion that the prejudice factor weighs in their favor. Defs.' Objs. 8. Defendants next object that the motion for a default judgment is "moot." *Id.* at 11-13. But this objection fails, as it presumes that the Court first excuses the default. Finally, defendants object that they are not liable, as they have paid overtime wages. *Id.* at 13-14. But this, too, assumes the Court excuses the default. *See Perez v. E.P.E. Enter. Corp.*, No. 22-CV-6353, 2024 WL 1632255, at *11

(E.D.N.Y. Apr. 15, 2024) ("When a defendant defaults, they fail to raise any affirmative defense against the plaintiff's overtime pay claim . . . .").

C.    **The R&R's Remaining Recommendations**

Neither party filed any other objections to the R&R's conclusions, including as to calculation of damages, or denial of the default judgment motion as to plaintiffs' wage-statement and wage-notice claims.  Finding no error in those recommendations, the Court adopts them in their entirety. Damages will be awarded as follows: $89,435.00 for Llumitasig for unpaid overtime wages; $89,435.00 for Llumitasig for liquidated damages; $60,140.00 for Cruz Trejo for unpaid overtime wages; $60,140.00 for Cruz Trejo for liquidated damages; $77,112.50 for Hivan Lopez for unpaid overtime wages; $77,112.50 for Hivan Lopez for liquidated damages; $65,022.50 for Fredy Lopez for unpaid overtime wages; and $65,022.50 for Fredy Lopez for liquidated damages.

Llumitasig will be awarded prejudgment interest in the amount of $22.05 per day from November 24, 2021 until the entry of judgment; Cruz Trejo will be awarded prejudgment interest in the amount of $14.83 per day from March 31, 2022 through the entry of judgment; Hivan Lopez will be awarded prejudgment interest in the amount of $19.01 per day from December 15, 2021 through the entry of judgment; and Fredy Lopez will be awarded

8

prejudgment interest in the amount of $16.03 per day from March 9, 2022 through the entry of judgment. All plaintiffs will also be awarded post-judgment interest at the rate set forth under 28 U.S.C. § 1961.

## IV.  Conclusion

For the foregoing reasons, the Court adopts the R&R in full.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    February 13, 2026
          Brooklyn, New York